FILED
2006 Feb-28  PM 01:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| Amber Rauls,<br>    Plaintiff,<br><br>    v.<br><br>Financial Collection Agency of Tennessee Incorporated, <br>*also known as*, FCA Incorporated,<br>    Defendant. | ) <br> ) <br> ) Civil Action No.<br> ) <br> ) **COMPLAINT AND** <br> ) **DEMAND FOR JURY TRIAL** <br> ) <br> ) <br> ) <br> ) (Fair Debt Collection Practices Act,<br> )     Associated State Claims.) |

**COMPLAINT**

**I. INTRODUCTION**

1. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter, "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices and state of Alabama common law claims for negligence, breach of contract and invasion of privacy (hereinafter "state claims").

**II. JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 15 U.S.C.§ 1681, and 28 U.S.C. §1367.  Declaratory relief is available pursuant to 28 U.S.C. § 2201 and 2202.  Venue in this District is proper in that Defendants transact business here and the conduct complained of occurred here.

**III.  PARTIES**

3. Plaintiff Amber Rauls is a natural person residing in Madison County, Alabama.

4. Defendant Financial Collection Agency of Tennessee, also known as FCA Incorporated ("FCA"), is a Tennessee corporation engaged in the business of collecting debts in the State of Alabama. This Defendant is unlicensed and unregistered with the State of Alabama.  The principal purpose of

Defendant is the collection of debts using the mails and telephone. Defendant regularly attempts to collect debts alleged to be due another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) and *Code of Alabama*, §40-12-80.

### IV. FACTUAL ALLEGATIONS

5. On or about November 1, 2005, Defendant's employee Mr. Brad Hope contacted Plaintiff by telephone at Plaintiff's place of employment threatening Plaintiff regarding a debt claimed to be owed. Plaintiff advised Mr. Hope that she did not wish to be contacted at her place of employment. The next day Mr. Hope again called Plaintiff at her workplace. Plaintiff again told Mr. Hope that she could not receive non-business related telephone calls at her place of work. Plaintiff offered Mr. Hope her cellular telephone number asking that he please call after hours.

6. In December, 2005, Mr. Hope again telephoned Plaintiff at her work place. On or about January 18, 2006, Mr. Hope or representatives of FCA telephoned Plaintiff's work place on five occasions. Plaintiff asked to speak to Mr. Hope's supervisor. The supervisor was put on the telephone. She explained to Plaintiff that the rude behavior and harassing telephone calls would not stop until Plaintiff paid her debt in full. The supervisor threatened to sue Plaintiff over the alleged debt.

7. Plaintiff was so upset over the harassing content in her conversations with representatives of FCA that she had her supervisor telephone FCA. The supervisor asked that FCA representatives not call Plaintiff at work.

8. On January 19, 2006, Mr. Hope called Plaintiff at her work place leaving a message that unless she contacted him immediately he would be filing suit that very day.

9. On January 31, 2006, Mr. Hope called Plaintiff at her work place. Mr. Hope threatened to file suit if Plaintiff did not make immediate payment.

## **GENERALLY**

10. Due to Defendant's harassing tactics Plaintiff was forced to retain the services of an attorney.

11. The facts considered, Plaintiff has reason to believe and does believe that Defendant will continue to pursue the alleged debt. Further, Plaintiff has reason to believe and does believe that Defendant will continue to violate the Fair Debt Collection Practices Act.

12. As a result of the acts alleged above, Plaintiff suffered emotional distress, mental anguish, headaches, embarrassment, and was forced to hire the services of an attorney.

**COUNT I - VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

13. Plaintiff repeats and realleges and incorporates by reference paragraphs one through twelve above.

14. Defendant violated the FDCPA. Defendants' violations include, but are not limited to, 15 USC 1692c, 15 USC 1692d and the following:

A). Using harassing tactics;

B). Taking illegal actions against Plaintiff;

C). Continuing to contact Plaintiff at her place of employment after Plaintiff and others expressly ordered Defendant to cease and desist;

D). Contacting third parties without permission in an attempt to collect a debt;

E). Failing to provide debtor instructions on validation process;

F). Failing to provide validation of the debt;

15. As a result of the foregoing violation of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, costs and attorney's fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and,

E. For such other and further relief as the Court may deem just and proper.

## COUNT II - NEGLIGENCE

16. Plaintiff repeats and realleges and incorporates by reference paragraphs above.

17. Defendant's acts as described above were done negligently and without care or concern for the truth or accuracy of the matter asserted and with disregard to Plaintiff's privacy. Defendant's acts were for the purpose of illegally coercing Plaintiff to pay the alleged debt.

18. As a proximate consequence of Defendant's conduct, Plaintiff has been embarrassed and humiliated and emotionally distressed.

19. As a proximate consequence of Defendant's conduct, Plaintiff has been forced to hire an attorney, and has incurred expenses.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A. Punitive damages;

B. Compensatory damages; and,

C.For such other and further relief as the Court may deem just and proper.

## COUNT III - INVASION OF PRIVACY

20. Plaintiff repeats and realleges and incorporates by reference paragraphs one through twenty-one above.

21. Defendant's acts as described above were done intentionally and without care or concern for privacy with the purpose of unlawfully coercing Plaintiff to pay the alleged debt.

22. Defendant wrongfully exploited Plaintiff's privacy in that on numerous occasions Defendant communicated with and harassed Plaintiff. Defendant contacted Plaintiff at her place of work with the express intent to harass and cajole Plaintiff. Plaintiff maintains her right to privacy that includes conditions of peace, seclusion and solitude. Defendant wrongfully interfered with Plaintiff's interest in seclusion and solitude. These acts of Defendant's representatives in harassing Plaintiff invaded Plaintiff's privacy. Defendant without legitimate cause or purpose, and thereby invaded the Plaintiff's privacy.

23. Said invasion was offensive to Plaintiff and would have been offensive to any person of ordinary sensibilities. As the proximate consequence of the said invasion of privacy Plaintiff was caused to suffer injuries and damages, in that the Plaintiff was shamed, humiliated, and embarrassed.

24. Plaintiff claims punitive damages of the Defendant because of the gross and oppressive nature of the Defendant's conduct.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A.Compensatory damages;

B.       Punitive damages; and,

C.       For such other and further relief as the Court may deem just and proper.

RESPECTFULLY submitted this the __21st__ day of February, 2006.

_____
K. ANDERSON NELMS
P.O. Box 5059
Montgomery, AL 36103
Phone: (334) 263-7733
Fax: (334) 832-4390
andynelms@jaylewislaw.com
ASB-6972-E63K
Counsel for Plaintiff

THE LAW OFFICES OF JAY LEWIS, LLC
847 S. McDonough Street
Montgomery, Alabama 36104
(334) 263-7733
fax: (334) 832-4390

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by Jury in this action.

**Defendant FCA may be served at the following addresses:**

Financial Collection Agency
    of Tennessee Incorporated

Attn: Richard Plass

5705 Stage Road

Suite 225
Bartlett, TN 38134-4543